**Bud J. KITCHENS, alias Bud J. Golumbick, Petitioner-Appellee,**

v.

**DEPARTMENT OF the TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Respondent-Appellant.**

**No. 74–1159.**

United States Court of Appeals, Ninth Circuit.

May 20, 1976.

---

---

OPINION

Before CHAMBERS and HUFSTED-LER, Circuit Judges, and FITZGERALD,* District Judge.

PER CURIAM:

Bud J. Kitchens entered a plea of nolo contendere April 24, 1968, in a superior court of the State of California to the charge of possession of machine guns in violation of section 12220 of the California Penal Code. The court deferred sentence

and placed Kitchens on supervised probation for three years. He was, in addition, fined $300 and required to pay $75 as an assessed penalty and to comply with all license requirements of the federal and state law concerning weapons.[1] The conviction resulted as well in certain disabilities under the Gun Control Act of 1968.[2]

After successfully completing the requirements of his probation, Kitchens filed a petition in a Superior Court of California requesting an expungement or reduction of his conviction pursuant to section 1203.4 of the California Penal Code. That court entered its order adjudging the offense to which Kitchens had entered the plea a misdemeanor, and permitted Kitchens to withdraw his plea of nolo contendere to the information which was then dismissed. The court relieved Kitchens of all state penalties and disabilities incidental to his plea of nolo contendere.[3]

Shortly thereafter Kitchens applied to the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms for relief from the federal disabilities.[4] The Acting Director of the Bureau denied Kitchens' application on the grounds that the statutory prerequisites had not been met. Kitchens filed a petition in the United States District Court asking review of the Bureau's action. The United States responded by filing a motion for summary judgment contending that the District Court was without jurisdiction to review the Bureau's action. The court denied summary judgment and ordered the Bureau to file with the court those findings of fact upon which the Bureau relied to deny Kitchens' application. The Bureau declined to furnish any information whereupon the District Court ruled that the denial of Kitchens' petition

---

* The Honorable James M. Fitzgerald, United States District Judge, District of Alaska, sitting by designation.

1. At the time of the conviction Kitchens was a licensed firearm dealer.

2. Under 18 U.S.C. § 922(g) and (h) a person "who has been convicted in any court of, a crime punishable by imprisonment for a term

exceeding one year" is prohibited from receiving or transporting firearms in interstate commerce.

3. Pursuant to California Penal Code § 1203.-4(a).

4. Pursuant to the provisions of 18 U.S.C. § 925(c).

by the Bureau was arbitrary and capricious. The judge ordered the Director of the Bureau to grant Kitchens relief from the federal disabilities.

The District Court had jurisdiction under 28 U.S.C. Sec. 1337.[5] Therefore, we need not consider whether the District Court also had jurisdiction under the Administrative Procedure Act. The only question is whether the Bureau's action is properly reviewable under the Administrative Procedure Act.

The issues recently before the Supreme Court of the United States in the case of *Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), are quite similar to the issues presented in the case at bar. Bachowski filed a complaint with the Secretary of Labor in conformity with the National Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. Sec. 482, to have a union election set aside. The Secretary of Labor declined to file suit in the matter, and Bachowski sought judicial review of the Secretary's decision.[6] On the Secretary's behalf it was contended that his decision was excepted from judicial review under 5 U.S.C. Sec. 701(a).

■ The Supreme Court announced the rule that judicial review will not be cut off unless clear and convincing evidence discloses that Congress had both considered and prohibited judicial review of the agency action in question. (421 U.S. at 567, 95 S.Ct. at 1857, 44 L.Ed.2d at 386).

Upon reviewing the relevant statute, its objectives, its legislative history, and the nature of the administrative action taken, the Supreme Court was unable to find the slightest intimation that Congress gave thought to the matter of preclusion of judicial review. (421 U.S. at 567, 95 S.Ct. at 1857, 44 L.Ed.2d at 386). However, the Court was able to discern from the statute a congressional purpose to narrowly limit the scope of judicial review of the Secretary's decision. (421 U.S. at 568, 95 S.Ct. at 1858, 44 L.Ed.2d at 386). Accordingly, the Court held that while the Secretary's decision was reviewable, it would be inappropriate for the reviewing court to substitute its judgment for that of the Secretary. So that the reviewing court might intelligently review the administrative decision, the Secretary was required to provide for the reviewing court and the complainant a statement of the underlying reasons supporting the administrative determination.[7] The scope of review was confined to an examination of the statement of reasons to determine whether the Secretary's decision was so irrational as to constitute the decision arbitrary and capricious. (421 U.S. at 572, 95 S.Ct. at 1860, 44 L.Ed.2d at 389).

Turning now to the case before us, we look to the Gun Control Act of 1968, its objectives and its legislative history. We find no evidence that Congress considered and precluded judicial review on the Bureau's denial of an application for relief from disabilities. We are able to say, however, that the statute, by its terms, confers upon the [director] broad discretion to grant relief for disabilities imposed under the Gun Control Act.[8]

■ We hold that the director's decision in this matter is reviewable but that the scope of judicial review should be limited to

---

5. 28 U.S.C. Sec. 1337 vests district courts with original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." This action arises under the Gun Control Act of 1968 which is a statute regulating commerce.

6. Jurisdiction to entertain the petition was found under 28 U.S.C. Sec. 1337.

7. The court noted that the need to assure careful administrative consideration was an additional purpose, apart from judicial review, for

requiring a statement of reasons. 421 U.S. at 571–572, 95 S.Ct. at 1860, 44 L.Ed.2d at 388–389.

8. 18 U.S.C. § 925(c) authorizes the [director] to grant such relief "if it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest."

an examination of the statement of the reasons upon which the Director made his decision to deny relief to Kitchens.

■ The statement of reasons need not include detailed findings of fact but must inform the court and the petitioner of the grounds of decision and the essential facts upon which the administrative decision was based.[9]

We therefore remand this case to the district court with instructions (1) to order the Director of the Bureau of Alcohol, Tobacco and Firearms to submit within a reasonable time a statement of reasons for denying Kitchens' petition, and, (2) to review the statement of reasons in accordance within the standards set out in this opinion.

We assume that the Director elected not to comply with the trial judge's order to submit findings of fact because the Bureau believed that the decision denying Kitchens' application was not judicially reviewable. We further assume that the Director will promptly comply with the District Court's order to submit a statement of reasons. In the event of failure to comply, the District Court would be warranted in concluding that the denial of Kitchens' application was arbitrary and in setting aside the Director's decision. Should the Bureau fail to heed the advice of the District Court, the Court might remove the disabilities.

REMANDED.

---

9.  *See Dunlop v. Bachowski,* 421 U.S. at 573–574, 95 S.Ct. at 1860–1861, 44 L.Ed.2d at 389–390.