**Lonnie Ray BRADLEY, Appellant,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Appellee.**

No. 83–2150.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1984.

Decided June 20, 1984.

Robert M. Tobiassen, Atty., Bureau of Alcohol, Tobacco & Firearms, Washington, D.C., George W. Proctor, U.S. Atty. by Walter G. Riddick, Asst. U.S. Atty., Little Rock, Ark., for appellee.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

This appeal by Lonnie Ray Bradley seeks to reverse an order by the district court granting the government's motion for sum-

mary judgment. In addition, Bradley seeks to have this court set aside the decision of the Director of the Bureau of Alcohol, Tobacco and Firearms (ATF) denying Bradley's application for relief from federal firearms disabilities. For the following reasons, we affirm.

## Facts

Bradley, who owns and operates a pawn shop, pled guilty to felony larceny of an automobile in 1958 and was sentenced to one year imprisonment. Because of his conviction, Bradley was subject to the federal firearms disability provision of 18 U.S.C. § 922(g)(1) and (h)(1) (1976) which provides in pertinent part:

It shall be unlawful for any person * * who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year * * * to ship or transport any firearm or ammunition in interstate or foreign commerce * * * (or) receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

A person under such disability may apply for relief pursuant to 18 U.S.C. § 925(c) (1976) which provides:

(c) A person who has been convicted of a crime punishable by imprisonment for a term exceeding one year * * * may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, or possession of firearms and incurred by reason of such conviction, and the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest.

Pursuant to this provision, Bradley applied for relief from the federal firearm disability on July 3, 1979. That application was denied on December 14, 1979, when it was discovered that Bradley was also under a state firearm disability pursuant to ARK. STAT.ANN. § 41-3103 (Repl.1977).

After receiving a pardon from Arkansas Governor Clinton, Bradley reapplied for federal relief on January 27, 1981. A field investigation was conducted which included reports of interviews with two community references who related incidents of seeing Bradley with firearms while under the disability. For this and other reasons the report recommended that Bradley's request for relief from disability be denied. The recommendation was adopted by the Director of the ATF. On July 19, 1982, Bradley filed a complaint for judicial review of the Director's decision. The ATF moved for summary judgment and Bradley filed a cross motion for summary judgment. On July 20, 1983, the district court entered an order granting ATF summary judgment and denying Bradley's motion. In its order the district court reviewed affidavits submitted by the government listing the Director's reasons for denying the relief requested by Bradley. Those reasons were:

(1) Mr. Bradley was, at the time of his application, under investigation by the North Little Rock Police Department for dealing in stolen property in connection with his pawn shop; (2) Mr. Bradley had told local law enforcement personnel that he didn't report all the property he purchased in his business; (3) the Arkansas State Police was investigating Mr. Bradley for dealing in stolen property; (4) an interviewee had stated that Mr. Bradley had stolen property in his shop; (5) two people had told the investigating ATF agent that they had seen Mr. Bradley possess firearms; and (6) Mr. Bradley was able to make a living without relief from firearms disability.

The district court concluded:

It is apparent from an examination of the entire file that the Director's decision was not arbitrary or capricious, and was supported by substantial evidence.

## Discussion

Bradley argues on appeal that 1) the ATF decision to deny relief from firearms disability was arbitrary and capricious and 2) it was not based on substantial evidence.

The standard of review for agency action provides, in pertinent part, that:

The reviewing court shall—

\* \* \* \* \* \*

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

\* \* \* \* \* \*

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute;

5 U.S.C. § 706 (1976).

The Supreme Court discussed the substantial evidence test in *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971):

Review under the substantial-evidence test is authorized only when the agency action is taken pursuant to a rulemaking provision of the Administrative Procedure Act itself, 5 U.S.C. § 553 (1964 ed., Supp. V), or when the agency action is based on a public adjudicatory hearing. See 5 U.S.C. §§ 556, 557 (1964 ed., Supp. V).

The proceeding under 18 U.S.C. § 925(c) (1976), *supra,* is not an agency action taken pursuant to a rulemaking provision and neither is it agency action based on a public adjudicatory hearing, therefore, the substantial evidence test does not apply. The proper standard of review is whether the agency actions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (1976).

The "arbitrary and capricious" standard of review is a narrow one. *Citizens to Preserve Overton Park, Inc. v. Volpe, supra,* 401 U.S. at 416, 91 S.Ct. 814 [at 822]. Its scope is more restrictive than the "substantial evidence" test which is applied when reviewing formal findings made on a hearing record. *See Camp v. Pitts, supra,* 411 U.S. [138] at 141, 93 S.Ct. 1241 [at 1243, 36 L.Ed.2d 106];

*Webster Groves Trust Co. v. Saxon, supra,* 370 F.2d [381] at 387; *Charlton v. United States,* 412 F.2d 390, 398 (3d Cir. 1969) (Stahl, Circuit Judge, concurring). "Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis." *Carlisle Paper Box Co. v. N.L.R.B.,* 398 F.2d 1, 6 (3d Cir.1968). Something more than mere error is necessary to meet the test. *N.L.R.B. v. Parkhurst Manufacturing Co.,* 317 F.2d 513, 518 (8th Cir. 1963). To have administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was "willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case \* \* \*." 73 C.J.S. Public Administrative Bodies and Procedure § 209 at 569 (1951).

*First National Bank of Fayetteville v. Smith,* 508 F.2d 1371, 1376 (8th Cir.1974), cert. denied, 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975).

After a careful examination of the record and the reasons given for denial, we agree with the district court that the Director's decision was not arbitrary and capricious and accordingly affirm the decision of the district court.