Eugene A. Seidel, Asst. U.S. Atty., Mobile, Ala., for respondent.

**Clyde Edward YOUNG, Petitioner,**

v.

**BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS, Respondent.**

**Civ. A. No. 87–1175–BH–M.**

United States District Court, S.D. Alabama, S.D.

March 24, 1988.

### ORDER

HAND, Chief Judge.

On March 15, 1988, this Court granted petitioner's motion for an enlargement of time within which to respond to respondent's February 26, 1988 motion to dismiss or for summary judgment. Specifically, the Court permitted petitioner ten (10) days within which to file his response following his receipt of a response from the respondent to his outstanding discovery requests. At this juncture the Court must note that petitioner's motion was not accompanied by a copy of the allegedly outstanding discovery requests.

The respondent has now moved the Court to reconsider its order of March 15, 1988 on the ground that petitioner is not entitled to the discovery he seeks and upon which his motion for an enlargement of time was predicated. Simultaneously, respondent has filed a motion for a protective

order against petitioner's discovery efforts and has attached thereto a copy of the interrogatories and production requests at issue.

Based upon the Court's careful consideration of respondent's motions, together with the record as a whole, the Court first concludes that respondent's motion for a protective order is due to be granted. This action was filed pursuant to 18 U.S.C. § 925(c) seeking judicial review of respondent's decision to deny petitioner's application for restoration of federal firearms rights. In pertinent part, 18 U.S.C. § 925(c) provides:

> Any person whose application for relief from disabilities is denied by the Secretary may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The Court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice.

The standard of review under 18 U.S.C. § 925(d), however, is very limited. In *Bradley v. Bureau of Alcohol, Tobacco and Firearms,* 736 F.2d 1238 (8th Cir. 1984), the court first concluded that the proper standard of review to be applied in conjunction with petitions filed pursuant to 18 U.S.C. § 925(d) is "whether the agency actions are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' 5 U.S.C. § 706 (1976)." 736 F.2d at 1240. The *Bradley* court based its conclusion upon the fact that "[t]he proceeding under 18 U.S.C. § 925(c) ... is not an agency action taken pursuant to a rulemaking provision and neither is it agency action based on a public adjudicatory hearing." *Id.* The *Bradley* court then examined the reasons given by the Director of the Bureau of Alcohol, Tobacco and Firearms (ATF) for denial of relief from federal firearms disability and concluded that the Director's decision was not arbitrary and capricious. *Id. See* also, *Kitchens v. Department of Treasury,* 535 F.2d 1197 (9th Cir.1976) in which the court similarly held:

> [T]he scope of judicial review should be limited to an examination of the statement of the reasons upon which the Director made his decision to deny relief to [petitioner].

> The statement of reasons need not include detailed findings of fact but must inform the court and the petitioner of the grounds of decision and the essential facts upon which the administrative decision was based.

535 F.2d at 1200, citing *Dunlop v. Bachowski,* 421 U.S. 560, 573–590, 95 S.Ct. 1851, 1860–61, 44 L.Ed.2d 377, 389–90 (1975).

As applied to the case at bar, the Court must agree with respondent that petitioner is not entitled to discovery unless or until the Court determines that additional evidence is necessary to avoid a miscarriage of justice. It is now evident that a determination regarding the need for additional evidence cannot be made until the Court addresses respondent's motion to dismiss or for summary judgment. It is also clear that disposition of respondent's motion will require consideration of matters outside the pleadings, i.e., those documents filed by respondent in conjunction with the motion. The Court therefore intends to treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56, as originally indicated in this Court's order of March 1, 1988.

For the reasons stated above, it is ORDERED that respondent's motion for a protective order be and is hereby GRANTED. Petitioner's request for discovery is hereby STRICKEN and petitioner is not permitted to propound further discovery requests unless or until this Court concludes what, if any, additional evidence is required in this cause.

In light of the above protective order, it is FURTHER ORDERED that the order entered by this Court on March 15, 1988 be and is hereby VACATED and SET ASIDE and that petitioner respond to respondent's motion for summary judgment on or before April 7, 1988, at which time the Court will take the motion under submission and rule

on the basis of whatever material is in the file on that date.