Clyde E. YOUNG, Petitioner,

v.

**BUREAU OF ALCOHOL, TOBACCO & FIREARMS, Respondent.**

Civ. A. No. 87–1175–BH–C.

United States District Court, S.D. Alabama, S.D.

July 12, 1988.

Richard D. Horne, Mobile, Ala., for petitioner.

Eugene A. Seidel, Asst. U.S. Atty., Mobile, Ala., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAND, Chief Judge.

This cause is before the Court on respondent's motion to dismiss or, in the alternative, for summary judgment. This action was filed pursuant to 18 U.S.C. § 925(c) seeking judicial review of respondent's decision to deny petitioner's application for restoration of federal firearms rights.

For the reasons set forth below, the Court concludes that there exists no genuine issue of material fact and that respondent's motion for summary judgment is due to be granted.

### I. *Findings of Fact*

After careful consideration of respondent's motion and petitioner's response in opposition thereto and based upon the pleadings, affidavits and other evidence of record, the Court makes the following Findings of Fact:

1. In August 1977, the petitioner, Clyde E. Young, was found guilty in the United States District Court for the Southern District of Alabama of violating 26 U.S.C. § 5601(a)(1), relating to possession of an unregistered still, and 26 U.S.C. § 5686(a), relating to possession of liquor intended to be used in violation of law. Petitioner was sentenced to 3 years of imprisonment on each count. The sentence was suspended, and the petitioner successfully completed his term of 2 years probation.

2. As a result of the aforementioned 1977 felony conviction, petitioner became subject to Federal firearms disabilities under 18 U.S.C. § 922(g)(1). On or about April 17, 1987, petitioner applied to the respondent, the Bureau of Alcohol, Tobacco & Firearms (ATF) for relief from his Federal firearms disabilities. ATF conducted an investigation into petitioner's record and reputation and, based upon the information gathered in the investigation, petitioner's application for relief was ultimately denied by the Director of ATF.[1]

3. The Director of ATF based his decision to deny petitioner's application for relief upon the following:

(a) The purpose of the Gun Control Act of 1968 (GCA) is to control widespread traffic in firearms and limit the availability of firearms for those whose possession is contrary to the public interest. Pursuant to this purpose, the GCA makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to ship or transport any firearm in interstate or foreign commerce or to receive any firearm which has been shipped or transported in interstate or foreign commerce.

(b) Plaintiff Young was convicted under 26 U.S.C. § 5601(a)(1), for possession of an unregistered still, and 26 U.S.C. § 5686(a), for possession of liquor intended to be used in violation of law. The plaintiff was convicted on August 5, 1977, and was sentenced to 3 concurrent years of imprisonment on each of the two counts. The sentence was suspend-

---

1. Due to an administrative error, petitioner was initially erroneously advised by letter dated July 16, 1987 that his application for relief had been granted. By letter dated July 28, 1987, however, petitioner was advised that his application for relief was denied. The July 28, 1987 letter was hand-delivered to petitioner at his residence by two ATF special agents, Roy Blount and John Osborne. Petitioner has cited no legal authority, and none has been found by this Court, to support his contention that he should be allowed to investigate the basis for respondent's issuance of the July 16, 1987 letter.

ed, and the plaintiff was placed on probation for 2 years.

(c) During the relief application background investigation, the plaintiff's criminal records were examined. The examination disclosed that the plaintiff has an arrest record dating from 1969 to 1986 for a variety of offenses, and that most of the arrests were for violent behavior. The arrests during this period include Assault (12/12/69), Affray (6/26/70), Assault with Intent to Maim (2/3/72), Assault with a Gun (8/21/75), and Drawing and Threatening to Use a Dangerous or Deadly Weapon (6/24/80). Although all of the above charges were either dismissed or entered as nolle prosequi (no further prosecution), they indicate a propensity for violence and a disregard for the law.

(d) On January 29, 1986, a search warrant was executed at a residence alleged to be that of the plaintiff in Mobile County, Alabama. Federal and local law enforcement officers seized firearms, one of which was stolen, a stolen pick-up truck, records which appeared to be drug sales records, bags with marijuana residue, and over $11,000 in cash. The plaintiff was present during the execution of the search warrant on January 29, 1986, and at one point he hit an agent of the Drug Enforcement Agency in the legs with a chair.

(e) Pursuant to execution of the January 29, 1986, warrant, the plaintiff Petitioner was charged and indicted under 18 U.S.C. App. § 1201(a)(1), for unlawful possession of a firearm by a person convicted of a felony. On July 23, 1986, the plaintiff was acquitted of the charges after a jury trial. Despite the July 23, 1986, acquittal, the evidence seized from the residence occupied by the plaintiff and his behavior during the execution of the search warrant raise grave doubts concerning his involvement in illegal activi-

ties as well as his propensity for violence.

(f) The background investigation also disclosed that the plaintiff is currently under investigation as a suspected narcotics dealer. Interviewees stated that the plaintiff has been associated with known drug dealers and has been seen in possession of marijuana and a loaded handgun. The evidence obtained as a result of the January 29, 1986, search of the plaintiff's alleged residence lends support to the allegations that the plaintiff was or is dealing in narcotics.

(g) The background investigation indicates that the plaintiff has a long record of violent behavior and a reputation for violence within his community.

(i) One interviewee stated that he believes the plaintiff is an active narcotics dealer with a tendency toward violence.

(ii) One interviewee stated that persons asked to testify against the plaintiff have refused, due to fear for their lives.

4. This suit was filed on November 5, 1987. Petitioner seeks to have this Court overrule ATF's decision that he was not, at the time of his application, entitled to relief from Federal firearms disabilities on grounds that ATF's decision was arbitrary and capricious and an abuse of discretion. Petitioner also seeks to have this Court conduct a hearing so that he may introduce additional evidence.

## II.  Conclusions of Law

As a result of petitioner's 1977 felony conviction, he became subject to Federal firearms disabilities under 18 U.S.C. § 922(g)(1).[2] On or about April 17, 1987, petitioner applied to AFT for relief from his Federal firearms disabilities. The authority of the Director to grant this relief is based upon 18 U.S.C. § 925(c) which provides, in pertinent part:

**2.** Section 922(g)(1) of Title 18 provides:
(g) It shall be unlawful for any person—
(1) who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year ... to ship or trans-

port in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported interstate or foreign commerce.

A person who is prohibited from possessing, shipping, transporting, or receiving ammunition may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and *the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest.*

(Emphasis added). The Secretary's authority to grant relief has been delegated to the Director, Bureau of Alcohol, Tobacco and Firearms. *See,* Treasury Department Order No. 120–01 (June 1972), 37 Fed.Reg. 11696 and 27 C.F.R. Part 178.

■ In this instance, the Director denied petitioner's application for relief. Consequently, petitioner seeks judicial review of the Director's denial under that portion of 18 U.S.C. § 925 which provides:

Any person whose application for relief from disabilities is denied by the Secretary may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence when failure to do so would result in a miscarriage of justice.

18 U.S.C. § 925(c). While Congress has provided for judicial review of the denial of relief from Federal firearms disability, it is clear that the standard of review under 18 U.S.C. § 925(c) is very limited. *See. e.g., Bradley v. Bureau of Alcohol, Tobacco and Firearms,* 736 F.2d 1238, 1240 (8th Cir.1984); *Kitchens v. Department of Treasury,* 535 F.2d 1197, 1199–1200 (9th Cir.1976).

This Court finds very persuasive the reasoning of the Eighth Circuit in *Bradley, supra,* 736 F.2d at 1238, a case identical in many respects with the case at bar. In *Bradley,* the Eighth Circuit first concluded that the proper standard of review to be applied in conjunction with petitions filed pursuant to 18 U.S.C. § 925(c) is "whether the agency actions are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" 736 F.2d at 1240, quoting 5 U.S.C. § 706(2)(A). The *Bradley* court based this conclusion regarding the proper standard of review upon the fact that "[t]he proceeding under 18 U.S.C. § 925(c) ... is not an agency action taken pursuant to a rulemaking provision and neither it is agency action based on a public adjudicatory hearing." *Id.,* relying upon *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971) (review under the substantial-evidence test of 5 U.S.C. § 706(2)(E) is authorized only when the agency action is taken pursuant to a rulemaking provision or is based on a public adjudicatory hearing). The *Bradley* court then described the narrow "arbitrary and capricious" standard of review as follows:

"Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis. *"Carlisle Paper Box Co. v. N.L.R.B.,* 398 F.2d 1, 6 (3d Cir.1968). Something more than mere error is necessary to meet the test. *N.L.R.B. v. Parkhurst Manufacturing Co.,* 317 F.2d 513, 518 (8th Cir. 1963). To have administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was "willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case."

*Id.,* quoting *First National Bank of Fayetteville v. Smith,* 508 F.2d 1371, 1376 (8th Cir.1974), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975). Based upon this analysis of its role, the *Bradley* court examined the reasons given by the Director of ATF for denial of relief from federal firearms disability and concluded that the Director's decision was not arbitrary and capricious. *Id. See also, Kitchens, supra,* 535 F.2d at 1197, in which the Ninth Circuit similarly held:

[T]he scope of judicial review [of ATF's denial of relief from firearms disabilities]

should be limited to an examination of the statement of the reasons upon which the Director made his decision to deny relief to [petitioner].

> The statement of reasons need not include detailed findings of fact but must inform the court and the petitioner of the grounds of decision and the essential facts upon which the administrative decision was based.

535 F.2d at 1200, citing *Dunlop v. Bachowski,* 421 U.S. 560, 573–590, 95 S.Ct. 1851, 1860–61, 44 L.Ed.2d 377, 389–90 (1975).

As indicated above, the Court's role in reviewing an agency's decision under the "arbitrary and capricious" standard has been addressed by the Supreme Court. In *Bowman Transportation, Inc. v. Arkansas–Best Freight System, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974), the Supreme Court described this court's role as follows:

> A reviewing court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe,* (401 U.S. 402, 416 [91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)]). The agency must articulate a "rational connection between the facts found and the choice made." *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 [83 S.Ct. 239, 245, 9 L.Ed. 2d 207] (1962). While we may not supply a reasoned basis for the agency's action that the agency itself has not given, *SEC v. Chenery Corp.,* 332 U.S. 194, 196 [67 S.Ct. 1575, 1577, 91 L.Ed.2d 1995] (1947), we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned. *Colorado Interstate Gas Co. v. FPC,* 324 U.S. 581, 595 [65 S.Ct. 829, 836, 89 L.Ed. 1206] (1945).

419 U.S. at 285–286, 95 S.Ct. at 442. In *Dunlop, supra,* a case specifically relied upon by the Ninth Circuit in *Kitchens,* the Supreme Court again emphasized that the reviewing court should refrain from substituting its judgment for that of the Secretary but added that the reviewing court should confine its examination to the Secretary's statement of reasons for his decision "except in what must be the rare case ... [when] the statement, without more evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." 421 U.S. at 572–573, 95 S.Ct. at 1860. *See also, Kitchens, supra,* 535 F.2d at 1199.

The context in which the "arbitrary and capricious" standard must be applied in the instant case is the Gun Control Act of 1968 which was intended to "[keep] firearms out of the hands of categories of potentially irresponsible persons including convicted felons ... [or] those not legally entitled to possess them because of age, criminal background, or incompetency." *Barrett v. United States,* 423 U.S. 212, 220, 96 S.Ct. 498, 503, 46 L.Ed.2d 450, 457 (1976). The Supreme Court has upheld this classification of felons as it relates to the firearm regulatory scheme in *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed. 2d 198 (1980), emphasizing that:

> Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm. [Citation omitted]. This Court has recognized repeatedly that a legislature constitutionally may prohibit a convicted felon from engaging in activities far more fundamental than the possession of a firearm.

445 U.S. at 66, 100 S.Ct. at 921. The Supreme Court based its conclusions again on "Congress' purpose 'broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.'" 455 U.S. at 64–65, quoting *Barrett, supra,* 423 U.S. at 218, 96 S.Ct. at 502. To that end, 18 U.S.C. § 925(c) confers broad discretion upon the Secretary, or the Director of ATF as the Secretary's designee, to grant or deny relief from Federal firearms disabilities. While that discretion is not unfettered, its exercise will

not be disturbed absent a showing that there is no rational basis upon which the Agency's decision rests. *See, Kitchens, supra,* 535 F.2d at 1199.

The Court has, in light of the above, carefully considered the reasons given by the Director of ATF for denial of relief to the petitioner from his firearms disabilities. Judged by the foregoing standards, it cannot be said that the Director's decision to deny petitioner's application for relief is arbitrary and capricious. Despite petitioner's attempts to explain or contradict the "relevant factors" considered by the Director, including the six arrests associated with violent behavior between December 12, 1969 and June 24, 1980 which were either dismissed or nol prossed, this Court finds no support for petitioner's contention that the Director's judgment was in error.[3] Rather, this Court finds that the Director has articulated a rational connection between the facts found and the choice made to deny petitioner's application for relief. The Court does not find that a miscarriage of justice will result from denying petitioner an opportunity to present additional evidence.

The Gun Control Act of 1968 includes a presumption that it is contrary to the public interest for persons convicted of crimes punishable by imprisonment for a term exceeding 1 year to acquire or possess firearms. Further, the period of ineligibility is indefinite. The information acquired during the course of the investigation showed that the granting of relief would be contrary to the public interest. Clearly, the decision to deny the plaintiff's application for relief was reasonable and not arbitrary and capricious.

## CONCLUSION

Based upon the above Findings of Fact and Conclusions of Law, the Court concludes that there exists no genuine issue as to any material fact and that the respondent, the Bureau of Alcohol, Tobacco and Firearms is entitled to judgment as a matter of law.

It is, therefore, ORDERED, ADJUDGED and DECREED that respondent's motion for summary judgment be and is hereby GRANTED and that the relief requested in the petition of Clyde E. Young be and is hereby DENIED and this cause be and is hereby DISMISSED, with prejudice.

---

**3.** Petitioner contends that, with respect to the six criminal charges which were dismissed or nol prossed and an additional criminal charge which resulted in an acquittal, he should be presumed innocent and, that therefore, it was error to consider this criminal record. Apparently, petitioner seeks to have this Court require the Secretary or his designee to consider, in relation to applications under 18 U.S.C. § 925(c), only criminal charges which resulted in actual convictions. Such, however, is clearly contrary to the express statutory authority granted by Congress and the intent of the Gun Control Act of 1968.