896 F.Supp. 1155 (1995)
Cladie Bobby TOWNSON, Petitioner,
v.
SECRETARY OF The TREASURY, Respondent.
No. 94-0031-AH-C.
United States District Court, S.D. Alabama, Southern Division.
August 25, 1995.
*1156 J.D. QuinLivan, Jr., Mobile, AL, for petitioner.
George A. Martin, Jr., U.S. Attorney's Office, Mobile, AL, for respondents.

ORDER
HOWARD, District Judge.
This matter is before the Court on Petitioner's motion for summary judgment (Doc. 7) and Respondent's motion for summary judgment (Doc. 13). For the reasons that follow, Petitioner's motion for summary judgment and Respondent's motion for summary judgment are each DENIED.

I. Findings of Fact[1]
1. On December 4, 1987, Petitioner pleaded guilty to knowingly and fraudulently making a false declaration and statement, under oath and under penalty of perjury in connection with his personal petition for bankruptcy. This Court sentenced Petitioner to five (5) years probation and a $75.00 fine.
2. Due to Petitioner's conviction, he became subject to Federal firearms disabilities pursuant to 18 U.S.C. § 922.
3. In October 1991, Petitioner's probation supervision was terminated. Also in October 1991, Petitioner applied for relief from his Federal firearm disabilities pursuant to 18 U.S.C. § 925(c) ("Petitioner's restoration application").
4. The Birmingham field division of the Bureau of Alcohol, Tobacco and Firearms (the "BATF") issued a report of investigation (the "BATF Report")[2] based on an investigation it conducted into Petitioner's restoration application. The BATF Report contains descriptions of (a) Petitioner's preinvestigation interview, (b) Petitioner's conviction for which relief was sought, (c) Petitioner's other arrests or convictions, (d) a current employment check, (e) a survey of Petitioner's employment history, (f) interviews with persons who had written letters of recommendation on Petitioner's behalf, (g) several interviews of members of Petitioner's community, (h) an assessment of Petitioner's mental competency, and (i) Petitioner's postinvestigation interview.
5. As indicated in the BATF Report, Petitioner had no other arrests or convictions but he was cited once "[s]ome years ago" by a State Game & Fish Conservation Officer for night hunting.
6. At the conclusion of the BATF Report, the Recommendation of the Special Agent summarized the interviews conducted concerning Petitioner.
Of the twenty interviews conducted concerning [Petitioner], thirteen recommended in favor of [Petitioner]'s firearms privileges, five gave no recommendation, and two recommended that [Petitioner] not be granted any firearms privilege. Of the five that gave no recommendation, two of these people stated that they did not know [Petitioner] well enough to make a recommendation and had no feeling one way or another. The other three that gave no recommendation and the two that gave a recommendation against [Petitioner]'s firearms privilege have had bad ... dealings with [Petitioner]....
Despite some of the negative comments that were stated during the interviews, the Special Agent who conducted this investigation recommended approval of Petitioner's restoration application "based on [Petitioner]'s non-violent conviction and no other record, the support of the community and the remaining favorable interviews, including all of the law enforcement checks...."
7. The Resident Agent in Charge and Special Agent in Charge each concurred with the Special Agent's recommendation.
8. The Chief of Firearms Division, in an undated memorandum to the Special Agent in Charge, disagreed with Field Division's recommendation on Petitioner's restoration application. The memorandum explained that, "[b]ased on the information currently available to this office, we are not satisfied *1157 that the applicant is not likely to act in a manner dangerous to public safety. The granting of restoration of firearms ... privileges to this applicant would be contrary to public interest."
9. The Director of the BATF (the "Director"), in an undated letter to Petitioner, informed Petitioner that his restoration application was denied. The Director's letter stated
We have carefully reviewed your application for restoration of Federal firearms privileges.
Before we can grant restoration under 18 U.S.C. section 925(c), we must review all relevant facts regarding an applicant's conviction and assess the information acquired during an investigation of his record and reputation. This is necessary in order to establish to our satisfaction that the applicant is not likely to act in a manner dangerous to public safety and that the granting of restoration would not be contrary to the public interest.
We regret to advise you that we are not presently satisfied that the above statutory requirements for granting restoration have been met. Therefore, we must deny your application for restoration of Federal firearms privileges at this time.
If we may be of any further assistance in this matter, please contact our Restoration of Privileges Section at (202) 927-7770.
10. Petitioner filed this action on August 2, 1994, pursuant to 18 U.S.C. § 925(c).

II. Conclusions of Law
Both parties agree that this Court has jurisdiction to hear this matter pursuant to 18 U.S.C. § 925(c), which provides for judicial review by this Court of the Respondent's denial of Petitioner's restoration application.

A. The Summary Judgment Standard
Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A factual dispute is `genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is `material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir.1989) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).
The basic issue before the Court on a motion for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. See Anderson, 477 U.S. at 251-52, 106 S.Ct. at 2511-12. "[T]he moving party has the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodge[s]", and all factual inferences arising from it, must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Peppers v. Coates, 887 F.2d 1493, 1498 (11th Cir.1989). Where the nonmoving party bears the burden of proof at trial, "the burden on the moving party may be discharged by `showing'that is, pointing out to the District Courtthat there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).
Once the movant satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis removed) (internal quotation marks omitted). Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). The shifting burden from movant to nonmovant at summary judgment described above applies regardless of which party will bear the burden of proof at trial. See id. at 607. *1158 "A mere `scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356 (citation omitted). The moving party is likewise entitled to judgment as a matter of law when the nonmoving party fails to show sufficiently an essential element of the case as to which the nonmoving party has the burden of proof. See Peppers, 887 F.2d at 1497; Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 636 (11th Cir.1991).

B. The Motions for Summary Judgment
This Court must determine "`whether Respondent's actions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."'" Young v. Bureau of Alcohol, Tobacco & Firearms, 690 F.Supp. 990, 993 (S.D.Ala.1988) (Hand, C.J.) (quoting Bradley v. Bureau of Alcohol, Tobacco & Firearms, 736 F.2d 1238, 1240 (8th Cir.1984) (quoting 5 U.S.C. § 706(2)(A))). Therefore, while Respondent's discretion to deny relief from Federal firearms disabilities "is not unfettered, its exercise will not be disturbed absent a showing that there is no rational basis upon which the [Respondent]'s decision rests." Young, 690 F.Supp. at 995 (citing Kitchens v. Department of the Treasury, 535 F.2d 1197, 1199 (9th Cir.1976)).
Although a court may not "supply a reasoned basis for [an] agency's action that the agency itself has not given," the court should "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974). "The statement of reasons need not include detailed findings of fact but must inform the court and the petitioner of the grounds of decision and the essential facts upon which the administrative decision was based." Kitchens, 535 F.2d at 1200 (emphasis added).
Respondent concedes that "the Director's reasons for denying the petition are not stated in great detail." Respondent's brief in support of summary judgment ¶ 3 (Doc. 14). Nonetheless, Respondent contends that the Director's denial rested upon a rational basis.
The Director made clear that he carefully reviewed the Petitioner's application to determine whether the Petitioner is likely to act in a manner dangerous to public safety and whether granting restoration would be contrary to the public interest. Therefore, the Director considered all relevant facts presented to him and analyzed those facts according to the correct legal standard.
Id. ¶ 4. Respondent also implies that the actual reason for denial was the fact that "the report submitted to the Director contain[ed] numerous indications from several people that the Petitioner is likely to abuse the firearms privilege if restored, and that granting restoration would be contrary to the public interest." Id. ¶ 5.
The Court FINDS that Respondent has not submitted any statement of reasons "of the grounds of decision and the essential facts upon which" its denial of Petitioner's restoration application was based. Kitchens, 535 F.2d at 1200. The Director's letter is devoid of any such statement. Although it states that the BATF "carefully reviewed [Petitioner's] application," the letter merely informs Petitioner that the BATF was "not presently satisfied" that the "statutory requirements for granting restoration have been met" and that Petitioner's application was denied. Respondent's brief does not discuss the undated memorandum from the Chief of Firearms Division to the Special Agent in Charge that expressed disagreement with Field Division's recommendation on Petitioner's restoration application. But such memorandum also contains no statement of reasons supporting the decision of the Chief of Firearms Division. His memorandum merely stated that, "[b]ased on the information currently available to this office, we are not satisfied that the applicant is not likely to act in a manner dangerous to public safety."
Indeed, the BATF Report sets forth the only statement of reasons that exists in the *1159 evidence submitted to this Court. There, the Special Agent who conducted the BATF's investigation into Petitioner's restoration application stated the reasons supporting his recommendation of approval of Petitioner's restoration application. Such recommendation was "based on [Petitioner]'s non-violent conviction and no other record, the support of the community and the remaining favorable interviews, including all of the law enforcement checks...."
The Court must decline Respondent's invitation to guess at the actual reason for its denial of Petitioner's restoration application. It is conceivable, as Respondent suggests, that such decision was based on the negative statements about the Petitioner contained in the BATF Report. But nowhere in the record is such a reason identified by Respondent, and this Court may not "supply a reasoned basis for [an] agency's action that the agency itself has not given." Bowman Transp., Inc., 419 U.S. at 285-86, 95 S.Ct. at 442. Unlike a case where the agency's decision is "of less than ideal clarity" but may still "reasonably be discerned," no specific reasons whatsoever were given here. Id. at 286, 95 S.Ct. at 442.
In Young, the District Court found a clear statement of reasons supported the BATF's denial of the petitioner's restoration application. "The background investigation indicates that the plaintiff has a long record of violent behavior and a reputation for violence within his community." Young, 690 F.Supp. at 992. The court's opinion is unclear whether the BATF supplied a specific statement of reasons in the evidence submitted to the court or whether the Young court itself gleaned such reasons from the evidence. If the latter, Young remains distinguishable from the case sub judice because the Young court's finding was based on more than just negative statements about the petitioner contained in the BATF Report. The Young petitioner (1) had "an arrest record dating from 1969 to 1986 for a variety of offenses, and ... most of the arrests were for violent behavior," (2) had a search warrant executed at his residence which resulted in the seizure of "firearms, one of which was stolen, a stolen pick-up truck, records which appeared to be drug sales records, bags with marijuana residue, and over $11,000 in cash," (3) hit an agent for the Drug Enforcement Agency in the legs with a chair during the course of the execution of the search warrant, and (4) was "under investigation as a suspected narcotics dealer." Id. No such additional facts exist in the case sub judice.
Accordingly, the Court FINDS that Respondent has not submitted any statement of reasons of the grounds of decision and the essential facts upon which its denial of Petitioner's restoration application was based. The Court also FINDS that Respondent's decision to deny Petitioner's restoration application cannot reasonably be discerned. See Bowman Transp., Inc., 419 U.S. at 285-86, 95 S.Ct. at 441-42. But, as it is conceivable that Respondent may be able to produce evidence that its decision to deny Petitioner's restoration application was not arbitrary and capricious, a genuine issue of material fact exists. For example, Respondent may produce evidence at a hearing, in the form of testimony or unredacted documents, that will provide a statement of reasons supporting denial of Petitioner's restoration application. Therefore, the Court FINDS that a genuine issue of material fact exists, and Petitioner's motion for summary judgment (Doc. 7) and Respondent's motion for summary judgment (Doc. 13) are each DENIED.
NOTES
[1] Petitioner's Petition for review (Doc. 1) attaches several exhibits. The Court gleaned its findings of facts from Petitioner's application and the exhibits attached thereto.
[2] A partially redacted copy of the BATF Report is attached as an exhibit to Petitioner's application.