**UNITED STATES of America**

v.

**John MacGREGOR, Appellant.**

No. 79–2011.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 14, 1980.

Decided March 25, 1980.

Joel Harvey Slomsky, Philadelphia, Pa., for appellant; Peter F. Vaira, U. S. Atty., E. D. Pennsylvania, Philadelphia, Pa., Katherine Winfree, William C. Bryson, Mark A. Torres-Gil, Attys. Dept. of Justice, Washington, D. C., Ronald G. Cole, Sp. Atty., U. S. Dept. of Justice, Philadelphia, Pa., for appellee.

Before ALDISERT, WEIS and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

This appeal requires us to decide whether *Lewis v. United States*, —— U.S. ——, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and *United States v. Graves*, 554 F.2d 65 (3d Cir. 1977) (in banc), permit a conviction under 18 U.S.C. App. § 1202(a)(1) for possession of a firearm by a convicted felon when the predicate conviction was reversed after the firearm conviction. We hold that the conviction will stand and therefore affirm the judgment of the district court.

Appellant MacGregor had been convicted on June 6, 1978, of possessing welfare checks stolen from the United States mails, 18 U.S.C. § 1708, of preparing false corporate income tax returns, 26 U.S.C. § 7206(2), and of conspiracy, 18 U.S.C. § 371, crimes punishable by imprisonment for a term exceeding one year. He appealed those convictions to this court. While his appeal was pending, on December 8, 1978, he was arrested for possessing a firearm and on February 21, 1979, he was adjudged guilty of the convicted felon firearm offense. On June 18, 1979, his predicate convictions were reversed by this court. *United States v. Wilson*, 601 F.2d 95 (3d Cir. 1979).

On appeal of the firearms conviction to this court MacGregor raises an argument akin to that previously presented by Graves to this court and by Lewis to the Supreme Court: that a felon's firearm conviction cannot be permitted to stand if the predicate convictions later prove to be infirm. In *Graves* and *Lewis* the predicate convictions were attacked as infirm, but had not in fact been reversed. We conclude that this factual difference does not assist the appellant here because of the sweep of the

reasoning that supports the decisions in *Graves* and *Lewis*.

Speaking for the court in *Graves*, Judge Adams concluded, after examining the legislative history of § 1202(a)(1):

> It is reasonable to assume, therefore, that Congress expected a convicted felon to undergo the relatively modest inconvenience of a restriction on firearms use until he has obtained a judicial invalidation of his conviction or has secured an executive authorization lifting that restriction.

554 F.2d at 75.

The *Lewis* Court sustained the philosophy of our court's majority view [1] in *Graves* and stated:

> The statutory language [of § 1202(a)(1)] is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury.
>
> . . . No exception, however, is made for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason. On its face, therefore, § 1202(a)(1) contains nothing by way of restrictive language.
>
> .    .    .    .    .
>
> . . . The legislative history, therefore, affords no basis for a loophole, by way of a collateral constitutional challenge, to the broad statutory scheme enacted by Congress. Section 1202(a) was a sweeping prophylaxis, in simple terms, against misuse of firearms. There is no indication of any intent to require the Government to prove the validity of the predicate conviction.

—— U.S. at ——, 100 S.Ct. at 918 (footnote omitted).

Indeed, although we are not certain, we believe that the only exception to the rigorous language of *Lewis* would occur in a situation in which the predicate convictions had been reversed on appeal or nullified by executive action prior to the firearms arrest. *See* —— U.S. at —— n.5, 100 S.Ct. at 918 n.5.

The judgment of the district court will be affirmed.

---

1. In *Graves* four judges dissented from the affirmance of the firearms conviction under § 1202(a): Chief Judge Seitz and Judges Aldisert, Gibbons and Garth. *See* 554 F.2d at 83–88 (Garth, J., dissenting in part) and 554 F.2d at 88–93 (Gibbons, J., dissenting).