Accordingly, judgment will be entered in favor of defendant.

### JUDGMENT

In accordance with the Memorandum Opinion entered this date,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant shall have judgment against plaintiff and that plaintiff's claim against defendant is DISMISSED with prejudice.

Neither party shall recover the costs of this action from the other.

Leon MOYER, Plaintiff,

v.

SECRETARY OF the TREASURY, and Bureau of Alcohol, Tobacco and Firearms, Defendants.

No. 92–3471–CV–S–4.

United States District Court, W.D. Missouri, S.D.

Aug. 26, 1993.

Leon Moyer, pro se.

Earl W. Brown III, Asst. U.S. Atty., Springfield, MO, for defendants.

RUSSELL G. CLARK, Senior District Judge.

This matter comes before the Court on defendants' motion to dismiss and on the plaintiff's motion to file an amended complaint and to add a party defendant. For the following reasons, the Court will grant the defendants' motion to dismiss and will deny the plaintiff's motion for leave to file an amended complaint and motion to add a party defendant.

*Factual Background*

The plaintiff received a felony conviction on March 3, 1989, for child custody interference in the Circuit Court of Stone County, Missouri. By letter dated December 7, 1992, the plaintiff requested that the Bureau of Alcohol, Tobacco, and Firearms (ATF) provide him with an application for relief from Federal firearms disability as authorized by 18 U.S.C. § 925(c). By letter dated December 16, 1992, ATF Special Agent in Charge Karl L. Stankovic, advised plaintiff that as a result of the enactment of Public Law 102–393, the ATF is not authorized to investigate new applications for relief from federal firearms disabilities. Plaintiff subsequently filed suit in this Court alleging that the letter from ATF is evidence that his request for relief has been denied by ATF and seeking judicial review of the decision of the ATF.

*Federal Firearms Law*

The Gun Control Act of 1968 (GCA) makes it unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding 1 year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm, or to receive any firearm which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g). Section 925(c) of the Act provides:

[a] person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Secretary for relief from the disabilities imposed by Federal laws ... Any person whose application for re-

lief from disabilities is denied by the Secretary may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

Under Public Law 102–393 adopted October 6, 1992, Congress provided that none of the funds appropriated through that law would be available "to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)."

### Jurisdiction of the Court

Plaintiff contends that this Court has jurisdiction to review his case because the letter from ATF acted as a denial of his application for relief from the Gun Control Act of 1968 and, thus, plaintiff's administrative remedies have been exhausted. Alternatively, plaintiff argues that if he has not exhausted all administrative remedies in this case, the court has jurisdiction because plaintiff's interest in immediate judicial review outweighs the government's interest in exhaustion. Plaintiff argues that denial of immediate judicial review will subject him to irreparable injury or an inadequate remedy.

■ The Court disagrees that the letter from ATF acted as a denial of plaintiff's application for relief which exhausted all administrative remedies available and invoked the jurisdiction of this Court under 18 U.S.C. § 925(c). The ATF only denies applications for relief after conducting an investigation of the applicant's record, reputation and the circumstances of the plaintiff regarding the disability as called for in § 925(c). Under the facts of this case, no investigation took place. In its letter, ATF merely explains that it is unable under the present law to review any applications for relief. Under Public Law 102–393, for the current fiscal year, the relief provision of 18 U.S.C. § 925(c) is effectively suspended. ATF is not allowed to review applications for relief from the Gun Control Act of 1968, so this plaintiff is not afforded any remedies under administrative procedures.

■ Plaintiff contends that denial of an opportunity to obtain relief causes him irreparable injury and the present lack of administrative procedures give an inadequate remedy for restoration of his rights. The Court rejects these arguments. It has long been established that the Second Amendment is not an absolute bar to congressional regulation of the use or possession of firearms. *Cody v. U.S.*, 460 F.2d 34 at 37 (8th Cir. 1972); *U.S. v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). The provisions of the Gun Control Act of 1968 prohibiting convicted felons from possessing firearms are constitutional and do not violate the Second Amendment right to bear arms. *U.S. v. Turcotte*, 558 F.2d 893 at 895 (8th Cir.1977); *Cody v. U.S.* Similarly, these provisions do not deny the convicted felons equal protection of the law. *U.S. v. Wynde*, 579 F.2d 1088 at 1093 (8th Cir.1978); *U.S. v. Synnes*, 438 F.2d 764 at 771 (8th Cir.1971). Therefore, plaintiff has no absolute liberty interest in the relief provisions of § 925(c) and congressional denial of such relief does not cause him irreparable injury. Since the plaintiff is not entitled to the right to possess firearms as a convicted felon, he is not entitled to argue that administrative procedures are affording him an inadequate remedy to regain that right.

■ Plaintiff further argues that Congress may have intended in Public Law 102–393 to transfer the duty of investigation of claims for relief from the ATF to the judiciary. There is no indication of this intent. The meaning of Public Law 102–393 is clear on its face: ATF is not authorized to expend any of the funds appropriated for its use in fiscal year 1993 to investigate or act upon applications for relief from Federal firearms disabilities. This reflects the intent to suspend the ability of convicted felons to seek relief from the restrictions of the Gun Control Act through the stated administrative procedures. Congress has the ability to use appropriations acts to suspend or modify prior statutory law. *U.S. v. Dickerson*, 310 U.S. 554, 60 S.Ct. 1034, 84 L.Ed. 1356 (1940). The District Court continues to have judicial review only after the ATF denies an application for relief after an investigation. Effectively, this Court has no role if there is no ability for applications to be made.

Therefore, plaintiff has no present claim for relief in any administrative proceedings and this Court does not have subject matter jurisdiction over plaintiff's claim.

*Motion For Leave to File an Amended Complaint and Add a Party Defendant*

Because this Court grants defendants' motion to dismiss based on the Court's lack of subject matter jurisdiction, the plaintiff's motion for leave to file an amended complaint and add a party defendant will be denied.

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss is granted; and it is further

ORDERED that plaintiff's motion for leave to file an amended complaint and add a party defendant is denied.