Philip V. RICE

v.

## UNITED STATES of America, DEPARTMENT OF ALCOHOL, TOBACCO AND FIREARMS.

Civ. A. No. 93–6107.

United States District Court, E.D. Pennsylvania.

April 12, 1994.

Arthur L. Jenkins, Jr., Norristown, PA, for plaintiff.

Bernadette A. McKeon, Philadelphia, PA, for defendant.

### *MEMORANDUM*

BARTLE, District Judge.

Plaintiff, a convicted felon, has filed an action for damages and equitable relief to obtain restoration of his firearms privileges from the Bureau of Alcohol, Tobacco and Firearms of the Department of the Treasury ("ATF"). The ATF has moved to dismiss the action or, in the alternative, for summary judgment.

In 1970, plaintiff pleaded guilty in the Court of Common Pleas of Montgomery County, Pennsylvania, to several related felonies involving stolen auto parts.[1] He was sentenced to probation and fined $250. In 1991, he pleaded guilty in this court to a violation of 18 U.S.C. § 922(g)(1), which prohibits possession of firearms by a convicted felon.[2] He was sentenced to six months of non-reporting probation and fined $250.

In early 1992, plaintiff received a pardon from Governor Robert P. Casey of Pennsylvania for his state crimes. As a result, the Court of Common Pleas of Montgomery County ordered the expungement of his state criminal record on April 22, 1992. Plaintiff's record of a federal felony conviction, however, remains.

In June 1992, plaintiff submitted an application to the ATF for restoration of his firearm privileges. On his application he stated that he had previously been convicted of a federal crime and that he had been pardoned for his state crimes. On November 13, 1992, the ATF advised Mr. Rice by letter that the Bureau could no longer continue to process his application for relief from a firearms disability because of a new federal law.

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport ... any firearm or ammunition ... in interstate or foreign commerce. 18 U.S.C. § 922(g).

Under the Gun Control Act of 1968, as amended, the Secretary of the Treasury may grant relief to a convicted felon "from the disabilities imposed by Federal laws with respect to the acquisition ... or possession of firearms." 18 U.S.C. § 925(c). The Secretary must be satisfied "that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." 18 U.S.C. § 925(c). If the Secretary "denies" an applicant relief, the applicant may seek judicial review in federal court. *Id.* The court "in its discretion" may "admit additional evidence where failure to do so would result in a miscarriage of justice." *Id.* The Secretary has delegated his responsibilities under § 925(c) to the Director of the ATF. 27 C.F.R. § 178.144.

While the plaintiff's application for relief from his firearms disability was pending before the ATF, Congress prohibited the ATF from using appropriated funds to investigate or act upon any application for relief under § 925(c) during fiscal year 1993.[3] On October 28, 1993, President Clinton extended the ban to fiscal 1994. Pub.L. 103–123, 1993 U.S.C.C.A.N. (107 Stat.) 1226, 1228–1229.

The ATF argues that it has not "denied" plaintiff's application as provided in § 925(c), but only suspended its review due to lack of funding. According to the ATF, this court does not have jurisdiction over the matter because the ATF has not "denied" his application and therefore plaintiff has not exhausted his administrative remedies.

■ It is doubtful whether the ATF may avoid judicial review under any and all circumstances simply by failing to process an application. In this instance, however, there is no evidence of bad faith or arbitrary or capricious conduct on the part of the agency. There has been no undue delay. *See* 5 U.S.C. § 706; *Bradley v. Bureau of Alcohol, Tobacco and Firearms,* 736 F.2d 1238 (8th

Cir.1984). Congress has eliminated the funding needed by the ATF to process plaintiff's application. Consequently, the ATF has suspended work on this and presumably other applications through no fault of its own. ATF's failure to process plaintiff's application cannot be deemed a denial under § 925(c). *Moyer v. Secretary of the Treasury,* 830 F.Supp. 516, 518 (W.D.Mo.1993). This court has no jurisdiction, and plaintiff is not entitled to any relief from the court, as a result of Congress' elimination of ATF appropriations for application review under § 925(c).

■ Plaintiff contends, however, that this court has jurisdiction because the ATF is denying him his constitutional rights to bear arms under the Second Amendment and to due process and "equal protection of the laws" under the Fifth Amendment. In support of this proposition, he argues that his federal conviction under 18 U.S.C. § 922(g)(1) is a nullity since he has obtained a gubernatorial pardon for his predicate state conviction and the expungement of his state criminal record. The law does not support this position.

The Supreme Court dealt with a similar issue in *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In that case, the question was whether a defendant's prior state conviction, flawed because he was not represented by counsel as required under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), may constitute a predicate conviction for a federal firearms violation. The court held that "[18 U.S.C.App.] § 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." In its analysis the court discussed the similarity of the relevant statutory language of § 922(g)(1) and (h)(1) to that of § 1202(a)(1). 445 U.S. at 64, 100 S.Ct. at 920; *see also Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).

---

**3.** The Treasury, Postal Service, and General Government Appropriations Act states that "none of the funds appropriated herein shall be available to investigate or act upon applications for relief

from Federal firearms disabilities under 18 U.S.C. § 925(c)." Pub.L. 102–393, 1992 U.S.C.C.A.N. (106 Stat.) 1729, 1732.

The holding in *Lewis* was followed in this circuit in *United States v. MacGregor*, 617 F.2d 348 (3d Cir.1980). In *MacGregor*, the Court of Appeals affirmed a conviction for possession of a firearm where the predicate federal convictions were reversed on appeal after defendant's firearms conviction. The Fifth Circuit's more recent decision in *United States v. Chambers*, 922 F.2d 228 (5th Cir.1991), is also in accord. *See also United States v. Dameron*, 460 F.2d 294 (5th Cir. 1972), *cert. denied*, 409 U.S. 882, 93 S.Ct. 168, 34 L.Ed.2d 137 (1972). These cases establish that a federal firearms conviction is not vitiated by the subsequent reversal of, pardon for, or expungement of a predicate felony conviction or the quashing of a predicate indictment.

Plaintiff's constitutional claims are without merit. The Second Amendment to the Constitution[4] is not a bar to Congressional regulation of use and possession of firearms. *United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939); *United States v. Hale*, 978 F.2d 1016, 1018–1020 (8th Cir.1992). Plaintiff remains a convicted federal felon under 18 U.S.C. § 922(g)(1) even though he received a subsequent pardon from Governor Casey for his prior state crimes. *See Dickerson*, 460 U.S. at 111–115, 103 S.Ct. at 991–993. The possession of firearms by a person convicted of a crime is not a right but a privilege subject to government regulation. *Lewis*, 445 U.S. at 66, 100 S.Ct. at 921. Moreover, plaintiff has not been denied due process or "equal protection of the law." *United States v. Sherbondy*, 865 F.2d 996, 1003 (9th Cir.1988).

The ATF, of course, may take plaintiff's gubernatorial pardon and court expungement of his criminal record, as well as other relevant factors, into account in determining whether plaintiff may have his firearms privileges restored. *See* § 925(c). Plaintiff also may seek a presidential pardon. Unfortunately for plaintiff, he remains at this time a convicted felon under federal law, and Congress has prevented the ATF from reviewing his application at least through the fiscal year 1994. This court cannot overrule the will of Congress in this regard.

The court will dismiss plaintiff's statutory claim for lack of subject matter jurisdiction. Defendant's motion for summary judgment will be granted on plaintiff's constitutional claims.

---

4. The Second Amendment provides:
 A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.