**John H. LOVELL, Plaintiff,**

v.

**The UNITED STATES DEPARTMENT OF the TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant.**

No. 5:93–CV–106.

United States District Court,
W.D. Michigan.

June 7, 1994.

Bernard F. Finn, Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C., Lansing, MI, for plaintiff.

Daniel M. LaVille, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for defendant.

## *OPINION*

ENSLEN, District Judge.

The matter before the Court is the parties' cross-motion for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff is a convicted felon who seeks removal of the prohibition against firearms ownership imposed on him pursuant to 18 U.S.C. § 922. Because there are no disputed questions of material fact, the issue they present is properly resolved on summary judgment.

On May 26, 1987, plaintiff pled guilty to use of a communication facility in the distri-

bution of cocaine, and possession of cocaine with intent to distribute. Plaintiff began using cocaine following a snowmobile accident, which resulted in severe injuries and depression. Plaintiff's wife also began using cocaine. Plaintiff states that his cocaine use ended around 1980, and between 1984 and 1986 he received psychiatric care to address his depression. Plaintiff's Response of May 17, 1994, Affidavit of John Lovell.[1] According to the AUSA who prosecuted plaintiff's case, they were not heavy dealers, but users trying to support their habit. No weapon or violence was used in plaintiff's procurement of cocaine.

Plaintiff was sentenced to five years probation and 400 hours of community service, but was released from probation on January 8, 1990, after approximately two and a half years. On March 6, 1992, plaintiff applied to the Bureau of Alcohol, Tobacco and Firearms ("ATF") for reinstatement of his legal access to firearms, in accord with 18 U.S.C. 925(c). In his application letter, plaintiff explained that he planned to retire in the Upper Peninsula, and would like to regain the right to hunt. He further stated that he used to have a collection of guns which he would like to pass on to his son when the time comes.

After conducting interviews and gathering evidence, the ATF field office which conducted the investigation recommended approval of plaintiff's request. The request was approved at the next two levels of review, but the fourth officer to review the request recommended that it be denied. In the "comments" section of the August 10, 1992, recommendation, the OPS officer states:

> I recommend denial—too soon after heavy cocaine use and physiatric [sic] care to determine if capable—convicted of distributing cocaine, much more serious than use, not addressed in report, next time we need arrest reports.

The final reviewing officer concurred with these comments, stating that "Lovell has not had enough time to demonstrate that he has fully recovered from the use of cocaine and physiatric [sic] treatment."

Plaintiff's request was ultimately denied. After his application was denied on a request for reconsideration, plaintiff filed this appeal.

■ The standard ATF was to apply in considering plaintiff's application is supplied by 18 U.S.C. § 925(c). That section instructs that applications are to be granted when the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant would not be likely to act in a manner dangerous to public safety and granting the application would not be contrary to the public interest. The standard of review this Court must apply to the ATF decision requires me to analyze whether the decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accord with the law. *E.g., Bradley v. Bureau of Alcohol, Tobacco and Firearms,* 736 F.2d 1238, 1240 (8th Cir.1984) (discussing 5 U.S.C. § 706 (1976)).

■ Plaintiff argues that the denial was not in accord with law because it relied solely on the amount of time which passed, and not on the criteria outlined by § 925(c)—the circumstances surrounding the disability and the applicant's reputation and record.

I disagree. The length of time which has passed between conviction and application is properly considered as a circumstance regarding the disability, or a circumstance regarding the applicant's record.

Plaintiff incorrectly concludes that because a reviewing officer cited one fact in support of the officer's conclusion, which was contrary to a field officer's recommendation, he or she "disregarded" all other facts. Instead, the reviewing officer viewed the facts through a different lens. In this case, the reviewing officer's perspective was that while all reports seemed to be favorable, in that officer's estimation, given a conviction for cocaine distribution, it was too early to rely on them.

---

1. According to plaintiff's affidavit, the investigative report's assertion that plaintiff received psychiatric care since his conviction to help him through his depression is incorrect. Administrative Record at 20, Report at 2. Plaintiff's affidavit states that he stopped receiving treatment for depression in 1986.

I hasten to add that I completely agree with one of plaintiff's assertions: psychiatric care is not something one needs to "get over." Seeking therapy is a responsible and mature response to a crisis, and any suggestion in the officer's comments to the contrary are offensive and have been disregarded by this Court.

However, it is not arbitrary or capricious for ATF to take into consideration past or present mental states such as depression, and to require that reviewing agents feel confident that the problem has been conquered. According to plaintiff, in this case he had two problems—depression, which led to his drug use, and drug addiction. I am pleased and impressed to see that he appears to have walked a straight and healthy path since the date of his conviction. However, the fact that ATF wanted to see that path continue further before it restored plaintiff's ability to use weapons is not arbitrary and capricious.

I find that it is not arbitrary or capricious for ATF to decide that two and a half years after termination of probation is not enough time to be confident that the positive pattern of behavior of a former drug addict and distributor will last a lifetime. Therefore, there is no need for an evidentiary hearing to resolve the conflict between the administrative record and plaintiff's affidavit concerning when his psychiatric care ceased, or to consider whether exclusion of new evidence that plaintiff's psychiatric treatment ceased before his conviction must be considered by this Court. That evidence is not material to my decision.

I am acutely aware of the message plaintiff seems to have taken from this denial—your rehabilitation efforts are not good enough. I fear the consequence of such a discouraging message, because it is exactly the opposite of what plaintiff deserves. Plaintiff's efforts, and successes, appear to be exemplary. Were the decision mine to make in the first instance, given all the information I have before me, I might have reached the same conclusion as the field agent. However, it is not.

The Bureau of Alcohol, Tobacco and Firearms has the difficult and critically important job of keeping guns out of the hands of felons who might use them irresponsibly, and I cannot find that the ATF decision to deny plaintiff's application for relief from disability was an abuse of discretion or otherwise not in accord with the law. Therefore, plaintiff's motion for summary judgment in his favor will be denied, and defendant's motion for summary judgment in its favor will be granted.