**David C. OWEN, Plaintiff,**

v.

**John W. MAGAW and Bureau of Alcohol, Tobacco & Firearms, Defendants.**

**No. 96–4039–RDR.**

United States District Court, D. Kansas.

July 29, 1996.

∞⇒4

Jonathan L. Laurans, Shawnee Mission, KS, for plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

Plaintiff, a convicted felon, seeks relief from the disabilities imposed by the Gun Control Act of 1968, 18 U.S.C. §§ 921–930. He seeks restoration of his federal firearm privileges pursuant to 18 U.S.C. § 925(c). This matter is presently before the court upon defendants' motion to dismiss or, in the alternative, for summary judgment.

Plaintiff was convicted of two counts of filing false tax returns in violation of 26 U.S.C. § 7206(1) on February 12, 1993. As a result of these felony convictions, plaintiff became subject to the firearms disabilities imposed by 18 U.S.C. § 922(g)(1). Following his release from imprisonment, plaintiff began investigating the steps necessary to gain restoration of his firearms privileges. Plaintiff was informed that the Bureau of Alcohol, Tobacco and Firearms (BATF) was unable to act upon any requests for restoration of federal firearms privileges by individuals because Congress had refused to appropriate any monies for the investigation of these applications. By letter dated April 27, 1995, the BATF advised that although it could take no action administratively, plaintiff was not without an alternative remedy in this matter, as he could obtain a presidential pardon. Plaintiff filed this action on March 8, 1996. He seeks an order of the court reinstating his federal firearms privileges.

A person convicted of a felony is prohibited from possessing firearms. 18 U.S.C. § 922(g)(1). A felon can, however, apply to the Secretary of Treasury for relief from this disability. 18 U.S.C. § 925(c). The Secretary of Treasury is authorized to grant relief "if it is established to [the Secretary's] satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." 18 U.S.C. § 925(c). The Secretary of the Treasury has delegated his authority to grant relief to the Director of BATF. See 27 C.F.R. § 178.144.

■ The decision of the Director of BATF is subject to judicial review. 18 U.S.C. § 925(c). The Administrative Procedures Act provides the standard of review for the judicial review of a discretionary denial of federal firearms disability relief and requires that the BATF's actions be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" before they will be set aside. 5 U.S.C. § 706(2)(A); *Bradley v. Bureau of Alcohol, Tobacco and Firearms,*

736 F.2d 1238, 1240 (8th Cir.1984). The entire administrative record is considered by the court in reviewing a denial by the BATF under section 925(c). *Bagdonas v. U.S. Dept. of Treasury*, 884 F.Supp. 1194, 1198 (N.D.Ill.1995). The court, however, is not limited to the administrative record, but can admit additional evidence to avoid "a miscarriage of justice." 18 U.S.C. § 925(c).

The defendants argue that plaintiff is not entitled to judicial review because the BATF has not considered and denied plaintiff's application. Rather, the defendants point out that the BATF cannot process an application from an individual for relief under section 925(c) because Congress has prohibited the use of appropriated funds to do so. Accordingly, the defendants contend that the court lacks subject matter jurisdiction here because there has not been a denial of the plaintiff's application.

Plaintiff asserts that the court has jurisdiction and is authorized to consider the merits of this case, claiming that Congress intended for the judiciary to review such cases despite the fact that the BATF is prohibited by law from acting upon relief applications filed by individuals. Plaintiff further suggests that the BATF's actions here constitute a denial under section 925(c). Plaintiff relies principally upon *Rice v. Dept. of Alcohol, Tobacco and Firearms*, 68 F.3d 702 (3d Cir.1995) for support of his arguments.

In 1992, Congress specifically barred any funding to the BATF for fiscal year 1992–1993 "to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)." Treasury, Postal Service, and General Government Appropriations Act, Pub.L. No. 102–393, 106 Stat. 1729, 1732 (1992). Similar spending prohibitions have been imposed by Congress on the BATF since that time. *See* Pub.L. No. 103–123, 107 Stat. 1226, 1228 (1993); Pub.L. No. 103–329, 108 Stat. 2382, 2385 (1994); Pub.L. No. 104–52, 109 Stat. 468, 471 (1995). Congress has, however, authorized funds to process applications filed by corporations for relief under section 925(c).

■ The court now turns to the issue of whether this court has subject matter jurisdiction to consider plaintiff's complaint in light of the actions taken by Congress in prohibiting the use of funds by the BATF to investigate section 925(c) applications. It is a fundamental precept that federal courts are courts of limited jurisdiction, and that limits on federal jurisdiction imposed by Congress must be neither disregarded nor evaded. *Owens Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Congress has the power to amend, suspend or repeal a statute by an appropriations bill, as long as it does so clearly. *Robertson v. Seattle Audubon Society*, 503 U.S. 429, 440, 112 S.Ct. 1407, 1414, 118 L.Ed.2d 73 (1992). "The whole question depends on the intention of Congress as expressed in the statutes." *United States v. Mitchell*, 109 U.S. 146, 150, 3 S.Ct. 151, 153, 27 L.Ed. 887 (1883).

■ In *United States v. McGill*, 74 F.3d 64 (5th Cir.1996), the Fifth Circuit examined the issue presented in this case and concluded that district courts lack subject matter jurisdiction to consider section 925(c) applications filed by individuals because Congress, by withdrawing funds to the BATF to process such applications, intended to suspend the relief provided by that statute. The court rejected the contrary conclusion reached by the Third Circuit in *Rice*. The Fifth Circuit noted the following:

> We cannot conceive that Congress intended to transfer the burden and responsibility of investigating the applicant's fitness to possess firearms from the ATF to the federal courts, which do not have the manpower or expertise to investigate or evaluate these applications.

> We agree with *Moyer v. Secretary of Treasury*, 830 F.Supp. 516 (W.D.Mo.1993). In that case the court found that the limitation on ATF's funds reflected a Congressional intent to suspend the ability of convicted felons to seek relief from Federal firearms disabilities.

> We also find the history of funding for investigating applications from corporations as evidence of the intent of Congress to suspend the relief available under § 925(c). The initial 1993 Appropriations Act (Pub.L. No. 102–292) barred the ATF

from using funds to investigate any applications. In the 1994 Appropriations Act (Pub.L. No. 103–123), Congress expressly restored funding to the ATF to investigate applications from corporations, but continued to withhold funds to investigate applications from individuals. If Congress thought the courts were considering applications for relief under § 925(c), this restoration of funds to provide relief for corporations would have been unnecessary. In the 1995 Appropriations Act, Congress continued to provide funding for ATF to investigate corporate applications while maintaining its hold on funds to investigate individual applications.

*Id.* at 67–68.

This court concurs with the reasoning and conclusion reached by the Fifth Circuit in *McGill*. The actions taken by Congress have demonstrated an intent to suspend the relief provisions of section 925(c). Congress has repeatedly suggested that the ban is necessary because the restoration of firearm privileges for felons "could have devastating consequences for innocent citizens if the wrong decision is made," and scarce BATF resources "would be better utilized" on other matters, such as fighting crime. S.Rep. No. 103–106, 103rd Cong. 1st Sess. 20 (1993); S.Rep. No. 102–353, 102nd Cong. 19–20 (1992). In conjunction with its most recent reenactment of the prohibition, Congress explained that "those who commit felonies should not be allowed to have their right to own a firearm restored.... There is no reason to spend the Government's time or taxpayer's money to restore a convicted felon's right to own a firearm." H.R.Rep. No. 104–183, 104th Cong. 15 (1995). Thus, while section 925(c) remains on the books and has not been repealed, Congress has effectively suspended its operation. Until such time as Congress reauthorizes funding, BATF is legally prohibited from processing applications for relief under section 925(c), and the courts are accordingly precluded from judicial review of the denial of such applications.

The court has little doubt that plaintiff is the type of individual that Congress had in mind when it originally provided the opportunity for the restoration of firearm privileges.

Nevertheless, we do not believe that we have subject matter jurisdiction to consider plaintiff's request for relief. Accordingly, defendants' motion to dismiss or, in the alternative, for summary judgment shall be granted. This action is dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. # 6) be hereby granted. This action is hereby dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**